# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE LEMPKE, Individually and as the Executrix of the Estate of ROBERT LEMPKE, deceased<br><br>    Plaintiff,<br><br> v.<br><br>GENERAL ELECTRIC, CO., et al.,<br><br>    Defendants. | CIVIL ACTION<br><br>No. 10-5380 |

| | |
|---|---|
| RENEE LEMPKE, Individually and as the Executrix of the Estate of ROBERT LEMPKE, deceased<br><br>    Plaintiff,<br><br> v.<br><br>A.B. CHANCE CO., et al.,<br><br>    Defendants. | CIVIL ACTION<br><br>No. 10-5426 |

## **MEMORANDUM**

  These diversity actions, which both arise from the electrocution death of Robert Lempke, were initially filed in the Philadelphia County Court of Common Pleas and later removed to this court. Plaintiff Renee Lempke, Robert's widow, has filed motions to remand both actions, which the defendants have opposed. For the following reasons, plaintiff's motions will be denied.

I.      **Background**

On September 16, 2008, Robert Lempke, a utility worker, suffered catastrophic injuries and death after contacting a downed power-line conductor during a relief effort to restore power in Western Pennsylvania. On April 23, 2010, Renee Lempke, acting individually and as the executrix of Robert's estate, filed a complaint in the Philadelphia Court of Common Pleas against nine electric companies (the "First Action"). *See* No. 10-5380, Docket No. 12, Mem. at 2.[1] The complaint alleged, among other things, that the electric companies failed to ensure that the power line was de-energized before ordering Mr. Lempke to work near it and failed to provide proper safety equipment and operational instructions to relief workers. Plaintiff also named as defendants the manufacturer and seller of the electrical hazard boots Mr. Lempke was wearing when he was electrocuted. *Id.*

After conducting discovery in the First Action, plaintiff initiated three additional actions. On August 10, 2010, by way of a writ of summons, *see* Pa. R. Civ. P. 1007 (permitting a plaintiff to file an action by writ of summons), plaintiff brought a second action in the Philadelphia Court of Common Pleas (the "Second Action"). The Second Action asserted claims against A.B. Chance Company; Cooper Bussmann, LLC; Cooper

---

[1] For convenience, all citations in this opinion to the docket in *Lempke v. A.B. Chance Co.*, No. 10-cv-5380 (the "Second Action") will take the form "No. 10-5380, Docket No. X." Similarly, all citations to the docket in *Lempke v. General Electric Co.*, No. 10-cv-5426 (the "Third Action"), will take the form "No. 10-5426, Docket No. X."

Bussman, Inc.; Cooper Industries, Inc.; Cooper Power Systems, Inc.; and S & C Electric Company, alleging that they were manufacturers of components including fuses and re-closers that failed to properly interrupt current flow and protect Mr. Lempke on September 16, 2008. *Id.* at 3.[2]

On September 1, 2010, plaintiff brought a third action by filing a writ of summons in the Philadelphia Court of Common Pleas (the "Third Action"). Plaintiff alleged that General Electric Company, GE Industrial Systems/Solutions a/k/a GE Electrical Distributions & Control, and Schweitzer Engineering Laboratories were manufacturers of circuit breakers and a relay related to the power line that Mr. Lempke contacted, and that the circuit breakers and relay failed to properly interrupt current flow and protect Mr. Lempke. In addition, plaintiff named as a defendant another fuse manufacturer, Hubbell Power Systems, Inc. *Id.* at 3-4.

Finally, on September 15, 2010, plaintiff initiated a fourth action by filing a writ of summons in the Philadelphia Court of Common Pleas (the "Fourth Action"). Plaintiff named as a defendant the owner of the land where the utility pole was located, and alleged that the owner had failed to properly maintain the vegetation on the property. In addition, due to what plaintiff characterizes as "perceived issues of service," plaintiff

---

[2] The Second Action also involved a claim against Osmose Utilities Services, Inc. ("Osmose"), a pole inspection and treatment company, for failing to properly inspect and treat the subject electric utility pole. Osmose has subsequently been dismissed without prejudice from this action by stipulation of the parties. *See* No. 10-5380, Docket No. 38.

named as a defendant S&C Electric Company, a fuse manufacturer that was also named in the Second Action. *Id.* at 4.[3]

On September 21, 2010, plaintiff filed a motion to consolidate all four actions in the Court of Common Pleas. Plaintiff then filed complaints in the Second, Third, and Fourth Actions on September 30, October 13, and October 14, respectively. On October 12, 2010, the Second Action was removed to this court with the consent of all the defendants in that action. Similarly, on October 14, 2010, the Third Action was removed to this court with the consent of all defendants. The notices of removal for both actions allege that the plaintiff is a citizen of New Jersey, and that all of the defendants are citizens of other states, creating complete diversity.[4] Both notices also allege that plaintiff's claimed damages for the death of her husband are in excess of $75,000. Both actions were removed before the Court of Common Pleas ruled upon plaintiff's motion to consolidate all four actions.

On November 1, 2010, Plaintiff filed motions to remand both the Second and

---

[3] As explained below, the Second Action was one of the two actions removed to this court. Following removal, S&C Electric Company was dismissed without prejudice by stipulation of the parties. *See* No. 10-5380, Docket No. 36.

[4] The notice of removal for the Second Action states that A.B. Chance Company is a citizen of Missouri and that the various Cooper defendants are citizens of Texas. *See* No. 10-5380, Docket No. 1. The notice of removal for the Third Action states that General Electric Company and GE Industrial Solutions are New York corporations with their principal places of business in Connecticut, that Schweitzer Engineering Laboratories, Inc., is a citizen of Washington state, and that Hubbell Power Systems, Inc., is a Delaware corporation with its principal place of business in South Carolina. *See* No. 10-5426, Docket No. 1.

4

Third Actions. *See* No. 10-5380, Docket No. 12; No. 10-5426, Docket No. 12. After the defendants in both actions filed oppositions, plaintiff filed a supplemental brief in further support of its motions on December 15, 2010. *See* No. 10-5380, Docket No. 29; No. 10-5426, Docket No. 28. The supplemental brief notes that the First and Fourth Actions have been consolidated in state court, and that the defendant in one of those actions has filed a joinder complaint naming the defendants in the two actions before this court as additional defendants. *See* Pa. R. Civ. P. 2252(a) ("[A]ny party may join as an additional defendant any person not a party to the action who may be (1) solely liable on the underlying cause of action against the joining party, or . . . (4) liable to or with the joining party on any cause of action arising out of the transaction . . . upon which the underlying cause of action against the joining party is based.").

## II. <u>Analysis</u>

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts have original (*i.e.*, subject matter) jurisdiction over a civil action for which there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). The procedures governing removal are set forth in 28 U.S.C. § 1446.

The party "who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1991). Removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quotation and citation omitted). Once jurisdiction is established, however, "[i]t is axiomatic that federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them' by Congress." *Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir. 1997) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

The notices of removal filed in the Second and Third Actions show that there is complete diversity of citizenship between the parties and the amount in controversy in each case exceeds $75,000. Plaintiff does not dispute that the diversity and amount in controversy requirements were met in the two actions. Nor does plaintiff claim that the removals were procedurally deficient. Rather, plaintiff argues that remand is required because "[a] motion to consolidate was pending in the Philadelphia Court of Common Pleas" when these cases were removed. *See* No. 10-5380, Docket No. 12, Mem. at 5. She argues that it would be "duplicitous, unnecessarily time consuming, prejudicial to the parties and a waste of judicial resources if these related cases were tried in separate forums." *Id.* at 6. Plaintiff further notes that it was highly likely that all four actions would have been consolidated in state court but for the removal of the Second and Third

Actions, and that "[w]hen consolidated, diversity would have been destroyed" because of the various citizenships of the parties in the First and Fourth Actions.

Plaintiff's motions are strikingly short on legal authority in support of these arguments. Plaintiff states that she seeks remand "[p]ursuant to 28 U.S.C. § 1447," *see* No. 10-5380, Docket No. 12, Mem. at 1, but does not identify what subsection of § 1447 supports remand.[5] The main case relied upon by plaintiff is *Ziczuk v. Bell Supply Co.*, 1991 WL 240206 (E.D. Pa. 1991), but that decision is plainly inapposite.

In *Ziczuk*, the plaintiff commenced an action in state court, and then, after a period of discovery, filed a second state court action arising from the same set of facts against different defendants. *Id.* at *1. Plaintiff then filed a motion to consolidate the two state court actions, but the defendants in the second action, relying upon diversity jurisdiction, removed that case to federal court before the state court acted upon the motion to consolidate. *Id.* The plaintiff then sought an order joining a non-diverse party and remanding the case to state court. *Id.*; *see also* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). The district court found that joinder and remand pursuant to 28 U.S.C. §

---

[5] Plaintiff has not argued that this court should remand these actions pursuant to the *Colorado River* abstention doctrine, *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), and the court declines to address that issue *sua sponte*.

1447(e) was appropriate, noting that "remand has the potential of significant savings of legal and judicial resources" and that "state court proceedings may have been required but for the removal of this action before the state court ruled on the pending motion for consolidation." *Ziczuk*, 1991 WL 240206, at *2.

Plaintiff seizes on these last-quoted lines from *Ziczuk* in an attempt to argue that remand is also appropriate for the Second and Third Actions. However, as the defendants note, the holding and reasoning of *Ziczuk* do not apply here, because plaintiff has not sought to join a non-diverse party, which is the trigger for a district court to exercise its discretionary authority to order remand under § 1447(e). Thus, plaintiff may not seek remand on this basis.

This court also lacks the authority to remand this case pursuant to 28 U.S.C. § 1447(c), which permits remand if a district court determines that it lacks subject matter jurisdiction or that there was a defect in the removal procedure. *See Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 212-13 (3d Cir. 1995). Decisions regarding remand pursuant to § 1447(c) are not discretionary, and district courts may not take into consideration policy considerations such as judicial economy in their analysis. *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345 n. 9 (1976) ("[C]ases properly removed from state to federal court within the federal court's jurisdiction may not be remanded for discretionary reasons not authorized by the controlling statute."); *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 128 (3d Cir. 1998) ("[P]olicy considerations such as an

8

overcrowded docket and judicial economy are not valid bases for remand under section 1447(c).").

As a result, plaintiff's argument that maintaining the Second and Third Actions in federal court is duplicitous and wasteful cannot be a ground for remanding these actions to state court under § 1447(c). *See Brown v. Liberty Mut. Fire Ins.*, 2006 WL 3000964, at *3 (E.D. Pa. 2006) (rejecting this argument on facts closely similar to those here); *see also Beres v. New Buffalo Corp.*, 2006 WL 354793 (W.D.N.Y. 2006) ("Plaintiff's claim of judicial economy rings hollow in light of his choice to commence separate litigation against a diverse party rather than simply join it to the [original] litigation."). Likewise, plaintiff's arguments that the state court likely would have granted its motion to consolidate all four actions and that a joinder complaint has been filed by one of the defendants in the state court action cannot affect the outcome of the § 1447(c) analysis.

The defendants have met their burden of showing that this court possesses subject matter jurisdiction over these diversity actions and that removal was procedurally proper. That is all that is required of them under § 1447(c). *See Balazik*, 44 F.3d at 212-13. Accordingly, plaintiff has failed to identify any ground under § 1447 for remanding these actions.

### III. Conclusion

Plaintiff's motions to remand will be denied. An appropriate order follows.

9